CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 0 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| URETEK, ICR MID-ATLANTIC, INC., | ) |
| Plaintiff/Counterclaim Defendant, | ) Civil Action No. 3:16CV00004 |
| v. | ) **MEMORANDUM OPINION** |
| ADAMS ROBINSON ENTERPRISES, INC., | ) Hon. Glen E. Conrad<br>) United States District Judge |
| Defendant/Counterclaim Plaintiff, | ) |
| LIBERTY MUTUAL INSURANCE COMPANY | ) |
| Defendant. | ) |

Uretek, ICR Mid-Atlantic, Inc. ("Uretek") filed this action for breach of contract, quantum meruit, and payment under the terms of a payment bond in the Circuit Court for Albemarle County, Virginia against Adams Robinson Enterprises, Inc. ("Adams Robinson") and Liberty Mutual Insurance Company ("Liberty Mutual"). After the defendants removed the case to this court on the basis of diversity jurisdiction, the parties filed a joint motion to stay the proceedings pending arbitration, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, and the arbitration clause in the construction subcontract between Adams Robinson and Uretek ("Subcontract"). The arbitration proceeded in Dayton, Ohio, as specified in the Subcontract, and resulted in an award favorable to Uretek. Adams Robinson moved to vacate the award in the United States District Court for the Southern District of Ohio, the district encompassing Dayton, and Uretek moved in this court to lift the stay and enter an order confirming the award.

The matter is now before the court on Adams Robinson's motion to strike Uretek's motion to confirm the arbitration award, or alternatively, to transfer venue to the Southern

District of Ohio and stay the proceedings in this court. The court held a hearing on the motion on September 1, 2017. For the reasons stated, Adams Robinson's motion will be denied.

## Background

Adams Robinson, a Kentucky corporation with its principal place of business in Ohio, entered into the Subcontract with Uretek, a North Carolina corporation. Compl. ¶¶ 1, 13; Answer ¶¶ 2, 13. Pursuant to the Subcontract, Uretek agreed to perform certain excavation work for a construction project in Charlottesville, Virginia. Compl. ¶¶ 1, 8. The Subcontract contains the following provision requiring arbitration:

> Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in force, and shall take place in Dayton, Ohio before three arbitrators, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. In addition, the parties specifically agree that the [sic] consent to the jurisdiction of the state and federal courts located in Dayton, Ohio.

Mot. to Confirm Arbitration Award, Ex. A ("Subcontract") ¶ 25(b).

Adams Robinson also secured a payment bond ("the Payment Bond") from Liberty Mutual, a Massachusetts corporation, in accordance with Va. Code § 2.2-4337. Compl. ¶ 10. The Payment Bond purports to make Adams Robinson and Liberty Mutual jointly and severally liable for the cost of labor, materials, and equipment furnished for the construction project. Id., Ex. A ¶ 1.

In December 2015, Uretek filed a complaint in the Circuit Court for Albemarle County, Virginia, asserting a claim for breach of contract, or alternatively, quantum meruit, against Adams Robinson and a claim for payment under the terms of the Payment Bond against Adams Robinson and Liberty Mutual. Adams Robinson removed the action to this court, where it filed an answer, which included the affirmative defense that the claims in the complaint were subject to the Subcontract's arbitration clause and a counterclaim for breach of contract. Liberty Mutual

2

separately filed an answer.

On February 11, 2016, Adams Robinson filed a demand for arbitration, and on February 29, 2016, the defendants filed a motion, with Uretek's consent, to stay the proceedings in this court pending arbitration. On March 4, 2016, the court granted the motion and stayed the action pending the conclusion of the arbitration.

In December 2016, the parties filed a joint status report with the court, which stated that Adams Robinson and Uretek had proceeded with arbitration, that they had a hearing set for February 21, 2017 in Dayton, Ohio, and that the parties would update the court at the conclusion of the arbitration. Joint Status Report ¶¶ 2-3, ECF No. 14. During the hearing, the arbitration panel received evidence on whether either Adams Robinson or Uretek had breached the Subcontract and whether Adams Robinson had wrongfully terminated the Subcontract. See Mot to Confirm Arbitration Award, Ex. B at 5-9.

On March 24, 2017, the arbitration panel issued a standard award in Uretek's favor. Id. The panel ruled that Adams Robinson had properly terminated the Subcontract, but had violated the implied covenant of good faith and fair dealing applicable to all contracts under Ohio law. Id. at 5-6.

On May 18, 2017, Adams Robinson filed an action in the Southern District of Ohio, seeking an order vacating the arbitration award. Adams Robinson Enterprises, Inc. v. Uretek, ICR Mid-Atlantic, Inc., No. 3:17-cv-00178 (S.D. Ohio, PACER No. 1). Liberty Mutual is not a party to that action.

Before responding in the Southern District of Ohio, on June 14, 2017, Uretek moved in this court to lift the stay, confirm the arbitration award, and enter judgment against Adams Robinson and Liberty Mutual pursuant to the award and the Payment Bond. Relying on the

forum selection clause contained in the Subcontract's arbitration provision and the first-to-file rule, Adams Robinson moved to strike Uretek's motion to confirm the arbitration award. Alternatively, Adams Robinson moved to transfer venue to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). On July 5, 2017, Uretek filed a brief in this court, which it labeled as a reply to Adams Robinson's motion to strike or to transfer. Adams Robinson has filed no response.

After completing briefing in this court, Uretek moved to dismiss Adams Robinson's action in the Southern District of Ohio under the first-to-file rule, or alternatively, to transfer venue to this court pursuant to 28 U.S.C. § 1404(a). Adams Robinson, No. 3:14-cv-00178, PACER No. 6 at 4-12. On August 29, 2017, the parties completed briefing on Uretek's motion pending in the Southern District of Ohio. The parties have advised this court that the Southern District of Ohio will issue a ruling on the briefs without holding a hearing.

On September 1, 2017, the parties appeared before this court for a hearing on Adams Robinson's motion to strike or to transfer. The matter is now ripe for review.

### Discussion

As a threshold matter, the court observes that it had "an independent jurisdictional basis over the parties' dispute" when it exercised its authority under the FAA and stayed the proceedings pending arbitration. Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008). The matter came before the court on the basis of diversity jurisdiction, as invoked by the defendants, and venue was proper because the dispute arose from a construction project occurring within this judicial district. See 28 U.S.C. § 1391(b)(2).

However, Adams Robinson argues that two factors counsel against continuing proceedings in this court: (1) the forum selection clause contained in the arbitration provision of

the Subcontract, and (2) the first-to-file rule. Upon weighing those considerations, Adams Robinson contends that this court should strike Uretek's motion to confirm the arbitration award. Alternatively, Adams Robinson requests that this court transfer Uretek's motion to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).

I. **Forum Selection Clause**

The FAA permits parties to an arbitration agreement to negotiate a forum selection clause specifying a court for the entry of judgment on an arbitration award. 9 U.S.C. § 9. When the parties have included such a clause in their agreement, "then at any time within one year after the award is made[,] any party to the arbitration may apply to the court so specified for an order confirming the award." Id.

The United States Court of Appeals for the Fourth Circuit has held that such forum selection clauses are procedural matters governed by federal law. Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650 (4th Cir. 2010). "When construing forum selection clauses, federal courts have found dispositive the particular language of the clause and whether it authorizes another forum as an *alternative* to the forum of the litigation or whether it makes the designated forum *exclusive*." Id. A forum selection clause that contains "specific language of exclusion" will be interpreted as mandatory and excluding venue elsewhere. Id. at 650-51 (internal quotation marks omitted). "Permissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere." 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3803.1 (4th ed. 2017); see IntraComm v. Bajaj, 492 F.3d 285, 290 (4th Cir. 2007) (requiring "specific language of exclusion," which when read in context, excludes jurisdiction in other forums); Guy F. Atkinson Const., a Div. of Guy F. Atkinson Co. v. Ohio

5

Mun. Elec. Generation Agency Joint Venture 5, 943 F. Supp. 626, 628 (S.D.W. Va. 1996) (identifying parties' forum selection clause as a permissive "consent-to-jurisdiction clause").

In this case, the forum selection clause contained in Subcontract ¶ 25(b) is unequivocally permissive. As set forth above, the clause provides that "the parties specifically agree that the [sic] consent to the jurisdiction of the state and federal courts located in Dayton, Ohio." Subcontract ¶ 25(b). The clause contains the "consent to jurisdiction" language identified as the hallmark of permissive forum selection clauses, see Federal Practice and Procedure § 3803.1; Guy F. Atkinson, 943 F. Supp. at 628, and omits "specific language of exclusion," which when read in context, conveys exclusive jurisdiction to a particular forum, IntraComm, 492 F.3d at 290.

At the hearing on the pending motion, Adams Robinson conceded that the forum selection clause is permissive on its own, but argued that, when viewed with the preceding sentence in Subcontract ¶ 25(b), the clause is mandatory. The preceding sentence provides that any arbitration under the Subcontract "shall take place in Dayton, Ohio before three arbitrators, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof." Subcontract ¶ 25(b). The plain reading of that language does not mandate jurisdiction in any particular court, but permits any court having jurisdiction to enter an order confirming an arbitration award. The United States Supreme Court has held that similar language in FAA § 9, which reads that an application to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made," 9 U.S.C. § 9, is permissive, not mandatory, in light of the liberal venue policy in federal courts for actions to enforce arbitration awards. Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co., 529 U.S. 193, 197-204 (2000); Apex Plumbing Supply, Inc. v. U.S. Supply Co., 142 F.3d 188 (4th

Cir. 1998). Accordingly, the court concludes that the Subcontract's forum selection clause, even when viewed in the context of the entire arbitration provision, does not deprive the court of jurisdiction or venue or otherwise compel the court to strike the plaintiff's motion to confirm the arbitration award.

## II. <u>First-to-File Rule</u>

"The first-to-file rule provides that 'when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed.'" <u>Moore's Elec. & Mech. Const., Inc. v. SIS, LLC</u>, No. 6:15-CV-00021, 2015 WL 6159473, at *2 (W.D. Va. Oct. 20, 2015) (quoting <u>Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.</u>, 675 F.2d 610, 611 n.1 (4th Cir. 1982)). The decision to apply this rule is a matter within a district court's discretion. <u>Nutrition & Fitness, Inc. v. Blue Stuff, Inc.</u>, 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003).

In this case, the dispute is not over whether to apply the first-to-file rule, but over which action was first-filed. Uretek argues that its original action, filed in Albemarle County Circuit Court in December 2015 before being removed to this court in January 2016, predates Adams Robinson's initiation of arbitration in February 2016 and its motion to vacate the arbitration award in May 2017. Adams Robinson responds that Uretek's original complaint cannot be the first-filed action because it was improperly filed. The Subcontract required arbitration of the claims raised in Uretek's complaint, and therefore, the court should find that the first properly filed action was Adams Robinson's post-arbitration motion.

The court views with skepticism the importance Adams Robinson places on the Subcontract's arbitration clause in the context of the first-to-file rule and is inclined to find that, on the record in this case, Uretek was the first to file. The court finds instructive the ruling in

Noble v. United States Foods, Inc., No. 14-cv-7743-RA, 2014 WL 6603418 (S.D.N.Y. Nov. 19, 2014). In that case, on the same day United States Foods, Inc. ("U.S. Foods") filed a demand for arbitration, it filed a complaint against Noble raising the issues in the arbitration demand. Id. at *1. The complaint was filed in the United States District Court for the Northern District of Illinois. Id. Noble moved to dismiss the complaint or to stay the action pending mandatory arbitration. Id. The Illinois court withheld a ruling until after the completion of the arbitration, which resulted in an award in U.S. Foods' favor. Id. at *2. Noble then moved to vacate the arbitration award in the United States District Court for the Southern District of New York pursuant to a disputed forum selection clause. Id. & *3 n.3. A day later, U.S. Foods moved to confirm the award in the Illinois court. Id. As in this case, "mirror-image motions to transfer" were filed in each court such that Noble sought transfer of U.S. Foods' motion to confirm to the New York court, and U.S. Foods sought transfer of Noble's motion to vacate to the Illinois court. Id. at *2-3.

The New York court ruled that U.S. Foods was the first to file in the matter because U.S. Foods had filed its complaint in the Illinois court before Noble filed its motion to vacate. Id. at *4. The New York court specifically rejected Noble's argument that, in disputes involving stays pending arbitration, the first post-arbitration motion filed is the first filing. Id. Nor did the court give any weight to the fact that U.S. Foods' original complaint raised claims subject to mandatory arbitration. See id. Other courts have also treated the original action upon which a stay was entered pending arbitration as the first-filed action entitled to deference when determining the proper venue for a post-arbitration motion. Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co., 868 F. Supp. 1244, 1251 (D. Kan. 1994), aff'd, 119 F.3d 847 (10th Cir. 1997); see also Todd Shipyards Corp. v. Cunard Line Ltd., 708 F. Supp. 1440, 1447-48 (D.N.J.

1989) (conducting first-to-file analysis in context of transfer motion and transferring motion to vacate arbitration award to venue where original complaint, which overlapped with dispute subject to arbitration, was filed).

Under the approach in those cases, Uretek was the first to file because it filed its original complaint in December 2015, two months before Adams Robinson filed its demand for arbitration and over a year before Adams Robinson filed its motion to vacate the arbitration award. Applying the rationale in Noble, whether Adams Robinson filed the first post-arbitration motion or whether the parties agreed to arbitrate certain claims raised in Uretek's original complaint is not significant. Although the Subcontract's arbitration clause required arbitration of disputes arising out of the Subcontract, the Supreme Court has made clear that the FAA makes contracts to arbitrate enforceable in a particular court only after the court finds that the case falls within the court's jurisdiction. Hall St. Assocs., 552 U.S. at 582. The Subcontract's arbitration clause therefore did not, as Adams Robinson appears to suggest, divest this court of its independent jurisdictional basis or make venue improper for the enforcement of the parties' arbitration agreement. The court had diversity jurisdiction over the matter, and venue was proper under 28 U.S.C. § 1391.

Adams Robinson's remedy was to either move for transfer of venue and then, in the new forum, move for an order enforcing the parties' arbitration agreement or to seek enforcement of the arbitration clause in this court. Adams Robinson chose the latter option when it filed the parties' joint motion to stay the proceedings in this court pending arbitration.

The Supreme Court has "held that the court with the power to stay the action under [FAA] § 3 has the further power to confirm any ensuing arbitration award." Cortez Byrd Chips, 529 U.S. at 202. Other courts have also recognized that a court that stays an action pending

arbitration retains the power to enforce any award that results from that arbitration. Todd Shipyards, 708 F. Supp. at 1448; Nobel, 2014 WL 6603418 at *5-6 ("[N]otwithstanding the arbitration, the Illinois Court never relinquished jurisdiction over the matter of the parties but rather stayed the proceedings pending the conclusion of the arbitration in contemplation of the fact that it may be asked to 'enter judgment on the arbitration award' . . . ."). Thus, implicit in this court's stay pending arbitration was the power to confirm any resulting arbitration award.

In light of the foregoing, the court, in its discretion, declines to apply the first-to-file rule to strike Uretek's motion to confirm the arbitration award.

### III. Transfer of Venue

Relying on the forum selection clause, Adams Robinson's motion to transfer venue is brought pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In applying § 1404(a), the decision to transfer a case rests soundly within the discretion of the district court. See Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991).

In deciding whether to exercise this discretion, district courts typically consider a number of factors, including: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015). The party seeking transfer bears the "heavy burden of showing that the balance of interests weighs strongly in [its] favor in a motion to transfer." Arabian v. Bowen, 966 F.2d 1441, 1992 WL 154026, at *1 (4th Cir. July 7, 1992) (unpublished table opinion); Smithfield Packing Co. v. V. Suarez & Co., 857 F. Supp. 2d 581, 585 (E.D. Va. 2012).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tx., 134 S. Ct. 568, 581 (2013) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988)). In such a case, the court defers to the parties' choice of venue as expressed in the forum selection clause unless the plaintiff establishes a basis for declining to transfer the case to the parties' agreed upon forum. Id. at 582.

Although the Subcontract contains a forum selection clause, as explained above, the clause is permissive. The clause therefore does not express a preference for the most proper forum, but permits venue in any court with jurisdiction over the matter. See Subcontract ¶ 25(b).

Moreover, unlike the instant case, Atlantic Marine involved a mandatory clause, and "[t]he Fourth Circuit has not yet addressed whether Atlantic Marine applies to a permissive forum-selection clause." ServiceMaster of Fairfax, Inc. v. ServiceMaster Residential/Commercial Servs., L.P., No. CV PX 16-02589, 2017 WL 3023342, at *3 (D. Md. July 17, 2017). In cases involving such permissive clauses, a majority of federal courts "have rejected the analysis employed by the Supreme Court in Atlantic Marine, and have instead applied the traditional analysis" for motions to transfer under 28 U.S.C. § 1404(a). Found. Fitness Prod., LLC v. Free Motion Fitness, 121 F. Supp. 3d 1038, 1043 (D. Or. 2015) (collecting cases); see also ServiceMaster, 2017 WL 3023342, at *3. In keeping with this trend, the court declines to apply the approach from Atlantic Marine in this case, and instead, finds it appropriate to apply the traditional analysis for motions to transfer venue.

Under the four factors traditionally considered in deciding motions to transfer, the court concludes that Adams Robinson has not met its burden of showing that the Southern District of Ohio would be a more convenient forum.

### A. Plaintiff's Choice of Venue

The first factor in the transfer analysis is the plaintiff's choice of venue. "That choice is typically entitled to 'substantial weight,' especially where the chosen forum is the plaintiff's home forum or bears a substantial relation to the cause of action." Heinz Kettler GmbH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010) (quoting Koh v. Microtek Int'l Inc., 250 F. Supp. 2d 627, 633 (E.D. Va. 2003)). Here, the arbitration resolved allegations that Uretek and Adams Robinson each breached a construction subcontract performed within this district in Charlottesville, Virginia. Thus, the plaintiff's choice of venue "bears a substantial relation to the cause of action" and is entitled to "substantial weight." Id. (internal quotation marks omitted). Accordingly, the court concludes that this factor weighs against transferring the case to the Southern District of Ohio.

### B. Convenience of the Parties

The second factor is the convenience of the parties. Transfer is not appropriate when it will merely serve to shift the balance of inconvenience from one side to another. Heinz Kettler, 750 F. Supp. 2d at 668 (citing JTH Tax, Inc. v. Lee, 482 F. Supp. 2d 731, 738 (E.D. Va. 2007)). In this case, the Southern District of Ohio would not be a convenient forum for Uretek, a North Carolina corporation, but would be a convenient forum for Adams Robinson, which maintains its principal place of business in Ohio. Although the parties arbitrated in Ohio, they were present in this district to perform the construction contract and for earlier proceedings in this court. This forum is therefore not overly inconvenient for either party. Because transfer would merely shift the balance of inconvenience in Adams Robinson's favor, the court finds that this factor also weighs against transferring the case to the Southern District of Ohio.

### C. Convenience of the Witnesses

Courts have recognized that this third factor, witness convenience and access, has "considerable importance" in the transfer analysis. Samsung Elecs. Co., Ltd. v. Rambus, Inc., 386 F. Supp. 2d 708, 718 (E.D. Va. 2005). "'The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.'" D2L Ltd. v. Blackboard, Inc., 671 F. Supp. 2d 768, 780 (D. Md. 2009) (quoting Koh, 250 F. Supp. 2d at 636).

Adams Robinson has not made any proffer of specific details of witness inconvenience that would result from proceeding in this court. It instead relies on the generalized sentiment that the arbitration was held before three Ohio arbitrators and therefore any action regarding the arbitration would be more convenient in Ohio. On this record and in the absence of sufficient details, the court concludes that the convenience of the witnesses does not weigh in favor of transfer to the Southern District of Ohio.

### D. Interest of Justice

The final factor in the transfer analysis is the interest of justice, which "encompasses public interest factors aimed at systematic integrity and fairness." Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (internal citation and quotation marks omitted); Federal Practice and Procedure § 3847. Relevant considerations include: judicial economy, the avoidance of inconsistent judgments, the court's familiarity with the applicable law, docket conditions, the ability to join other parties, the pendency of a related action, and the interest in having local controversies decided at home. Heinz Kettler, 750 F. Supp. 2d at 670;

Bd. of Trs. v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1260 (E.D. Va. 1988).

In its brief, Adams Robinson asserts that no great injustice would result from transferring this matter to Ohio. During the hearing, Adams Robinson added that the Southern District of Ohio would have greater familiarity with the law applied in the arbitration dispute, which was Ohio law. The court finds this latter argument unpersuasive because federal courts are often called upon to apply the law of other states. MAK Mktg., Inc. v. Kalapos, 620 F. Supp. 2d 295, 311 (D. Conn. 2009) (citing Hummingbird USA, Inc. v. Tex. GSL Corp., No. 06 Civ. 7672, 2007 WL 163111 (S.D.N.Y. Jan. 22, 2007)).

The court also observes that this forum involves all parties, including Liberty Mutual, and is related to the pending action against Adams Robinson and Liberty Mutual under the terms of the Payment Bond. The court therefore finds that Adams Robinson has not shown that the interest of justice support the requested transfer.

For the reasons stated above, the court concludes that Adams Robinson has not met its heavy burden of proving that this action should be transferred to the Southern District of Ohio.

### Conclusion

For the foregoing reasons, the court concludes that the Western District of Virginia is a proper forum for reviewing Uretek's motion to confirm the arbitration award and it declines to transfer venue to the Southern District of Ohio.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 20th day of September, 2017.

_____
United States District Judge